**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

| | |
|---|---|
| LIGHTHOUSE FELLOWSHIP CHURCH, ) <br> ) <br> Plaintiff,  ) <br> ) <br> v.  ) <br> ) <br> HON. RALPH NORTHAM, in his ) <br> official capacity of Governor of the ) <br> Commonwealth of Virginia  ) <br> ) <br> Defendants.  ) | Case No. 2:20-cv-204-AWA-RJK |

**PLAINTIFF'S EMERGENCY MOTION FOR
INJUNCTION PENDING APPEAL AND SUPPORTING MEMORANDUM**

Pursuant to L. Civ. R. 7 and Fed. R. App. P. 8, Plaintiff, LIGHTHOUSE FELLOWSHIP CHURCH ("Lighthouse"), by and through the undersigned counsel, hereby moves this Court for an Emergency Injunction Pending Appeal of this Court's May 1, 2020 Order denying Lighthouse's Motion for Preliminary Injunction (dkt. 16), which is the subject of Plaintiff's Notice of Appeal to the United States Court of Appeals for the Fourth Circuit. (Dkt. 17).

**MEMORANDUM OF LAW**

1. On April 24, 2020, Lighthouse initiated the above-captioned cause with its Emergency Verified Complaint (dkt. 1) and Motion for Temporary Restraining Order and Preliminary Injunction. (Dkt. 3). As the allegations of the Verified Complaint demonstrate, Lighthouse sought a TRO and preliminary injunction restraining and enjoining Governor Northam and his designees from unconstitutionally enforcing and applying the various COVID-19 Executive Orders and other enforcement directives (collectively "GATHERING ORDERS") purporting to prohibit Lighthouse, on pain of criminal sanctions, from gathering for worship

services at Lighthouse, regardless of whether Lighthouse meets or exceeds the social distancing, enhanced sanitization, and hygiene guidelines pursuant to which the Commonwealth disparately and discriminatorily allows so-called "essential" commercial and non-religious entities (*e.g.*, beer, wine, and liquor stores, warehouse clubs, 'big box' and 'supercenter' stores) to accommodate gatherings, crowds, and masses of more than ten (10) individuals—indeed, with no numerical limit—without scrutiny or threat of criminal sanctions. (Dkt. 1, V. Compl. ¶1).

2.  As shown in the Verified Complaint, the GATHERING ORDERS have been interpreted, applied, and enforced, including against the Pastor of Lighthouse, such that police officers in the Commonwealth of Virginia have visited Virginia churches, such as Lighthouse, threatened to impose, and in the case of Lighthouse, actually imposed, criminal sanctions against religious gatherings that include more than ten individuals, regardless of whether appropriate and government-recommended social distancing, enhanced sanitization, and personal hygiene recommendations are practiced. (V. Compl. ¶2).

3.  At around the same time as Governor Northam's Executive Orders surrounding COVID-19 were being used to impose criminal sanctions on Lighthouse's pastor, officials in other jurisdictions had similarly threatened to impose criminal sanctions on other religious gatherings. In Louisville, Kentucky, for example, the government threatened to use police to impose criminal sanctions on those individuals found in violation of similar COVID-19 orders and threatened to impose various sanctions on individuals found in violation of such orders. The United States District Court for the Western District of Kentucky found that the mere threat of such criminal sanction warranted a TRO. *See On Fire Christian Center, Inc. v. Fischer*, No. 3:20-cv-264-JRW, 2020 WL 1820249 (W.D. Ky. Apr. 11, 2020) [hereinafter *On Fire*]. The *On Fire* TRO enjoined the Mayor of Louisville from "**enforcing, attempting to enforce, threatening to enforce, or**

**otherwise requiring compliance with any prohibition on drive-in church services at On Fire**." *Id.* at *1 (emphasis added). (V. Compl. ¶3).

4. Additionally, the Governor of Kansas had imposed a virtually identical restriction on religious gatherings in Kansas, stating that "gatherings" of more than 10 individuals are prohibited, including religious gatherings. On April 18, 2020, the United States District for the District of Kansas issued a TRO enjoining Kansas officials from enforcing its discriminatory prohibition on religious gatherings and required the government to treat "religious" worship services the same as other similar gatherings that are permitted. *See First Baptist Church. v. Kelly*, No. 20-1102-JWB, 2020 WL 1910021, *6–7 (D. Kan. Apr. 18, 2020) [hereinafter *First Baptist*]. The *First Baptist* TRO specifically stated that the government's disparate treatment of religious gatherings was a violation of the Free Exercise Clause because it showed that "**religious activities were specifically targeted for more onerous restrictions than comparable secular activities**," and that the churches had shown irreparable harm because they would "be prevented from gathering for worship at their churches" during the pendency of the executive order. *Id.* at *7–8 (emphasis added). In discussing the Kansas orders—which imposed a 10-person limit on in-person gatherings just as the Governor Northam orders here—the court said that specifically singling out religious gatherings for disparate treatment while permitting other non-religious activities "show[s] that these executive orders expressly target religious gatherings on a broad scale and are, therefore, not facially neutral," *First Baptist*, 2020 WL 1910021, at *7, and—much like here—"churches and religious activities appear to have been singled out among essential functions for stricter treatment. **It appears to be the only essential function whose core purpose—association for the purpose of worship—had been basically eliminated**." *Id.* (emphasis added). Thus, the

court found that Kansas should be enjoined from enforcing their disparate terms against churches. (V. Compl. ¶6).

5. Yet, what the government in Louisville only threatened to do, Governor Northam and police officers in the Commonwealth of Virginia actually did to Lighthouse on April 5, 2020. Pursuant to Governor Northam's Executive Order prohibiting the in-person gathering of more than 10 individuals, the Town of Chincoteague Police Department actually issued a criminal citation and summons to Pastor Kevin Wilson of Lighthouse ("Pastor Wilson") for the sole act of holding a church service in the Commonwealth of Virginia. In addition to that actually imposed criminal sanction, officials in the Commonwealth threatened to impose similar criminal sanctions on Lighthouse, its pastor, and each and every member and/or attendee who dared visit the Lighthouse Fellowship Church's service on Easter Sunday or any other worship service held while Governor Northam's orders are in effect. Additionally, the Virginia State Police—acting under the direction of Governor Northam's orders—have publicly declared that they would enforce the Governor's orders and have threatened to impose criminal sanctions on those found in violation of them. Absent emergency relief from this Court, Lighthouse, its pastor, and all members and/or attendees will suffer immediate and irreparable injury, including this Sunday, from the threat of criminal prosecution for the mere act of engaging in the free exercise of religion and going to church. (V. Compl. ¶4).

6. Lighthouse prayed unto this Court to issue a TRO and preliminary injunction restraining and enjoining Governor Northam from similarly enforcing, attempting to enforce, threatening to enforce, or otherwise requiring compliance with any prohibition on religious gatherings of more than 10 individuals, as against Lighthouse.

7. On May 1, 2020, this Court issued its Order denying Lighthouse's request for a TRO and a preliminary injunction. (Dkt. 16). In that Order, this Court found that Lighthouse was not likely to succeed on the merits, that it did not demonstrate irreparable harm, that the balance of the equities did not favor injunctive relief, and that the public interest did not favor a preliminary injunction. (Dkt. 16, at 33).

8. The standards for granting an injunction pending appeal are the same as that of granting a preliminary injunction. *See, e.g.*, *Long v. Robinson*, 432 F.2d 977, 979 (4th Cir. 1970). Though this Court has already determined that Lighthouse's motion for preliminary injunction fails the relevant test, Lighthouse is nonetheless required by Fed. R. App. P. 8(a)(1)(C) to seek an injunction pending appeal in this Court before seeking such relief from the Fourth Circuit, where the appeal of this Court's order is currently pending. Accordingly, Lighthouse incorporates herein its reasons and legal arguments in it Motion for Temporary Restraining Order and Preliminary Injunction (dkt. 3), as if fully set forth herein.

9. With each passing Sunday, and – indeed – each day, Lighthouse is suffering under the yoke of Governor Northam's unconstitutional orders prohibiting Lighthouse, its Pastor, and its members/attendees from gathering together to exercise their sincerely held religious belief of assembling themselves together to worship the Lord. Irreparable injury is imposed on Lighthouse each and every day this Court fails to grant them the requested relief.

10. As such, an injunction pending appeal is warranted and should be granted immediately. Failing that, this Court should issue its order on this instant motion with all deliberate speed to facilitate Lighthouse's satisfaction of its requirements under Fed. R. App. 8 and expeditiously request such relief from the Fourth Circuit.

## **CONCLUSION**

For the foregoing reasons, Lighthouse respectfully requests that this Court enter an Injunction Pending Appeal, or, in the alternative, expeditiously issue its order concerning such motion to permit Lighthouse to pursue alternative relief from the United States Court of Appeals for the Fourth Circuit.

Respectfully submitted,

/s/ Daniel J. Schmid
Mathew D. Staver*
Horatio G. Mihet*
Roger K. Gannam*
Daniel J. Schmid (VA 84415)
**Attorneys for Plaintiff**
LIBERTY COUNSEL
P.O. Box 540774
Orlando, FL 32854
(407) 875-1776
court@lc.org
hmihet@lc.org
rgannam@lc.org
dschmid@lc.org

*Admitted pro hac vice

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of May, 2020, I cause a true and correct copy of the foregoing to be electronically filed with this Court. Service will be effectuated via this Court's ECF/electronic notification system.

/s/ Daniel J. Schmid
Mathew D. Staver*
Horatio G. Mihet*
Roger K. Gannam*
Daniel J. Schmid (VA 84415)
**Attorneys for Plaintiff**
LIBERTY COUNSEL
P.O. Box 540774
Orlando, FL 32854
(407) 875-1776
court@lc.org
hmihet@lc.org
rgannam@lc.org
dschmid@lc.org

*Admitted pro hac vice