IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| LIGHTHOUSE FELLOWSHIP CHURCH, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 2:20-cv-00204-AWA-RJK |
| ) | |
| v. ) | |
| ) | |
| RALPH NORTHAM, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S NOTICE OF INTENT TO FILE RESPONSE TO
PLAINTIFF'S MOTION FOR INJUNCTION PENDING APPEAL AND
<u>UNITED STATES' STATEMENT OF INTEREST</u>**

Governor Ralph Northam submits this notice to inform the Court of his intent to file a combined response to: (1) the motion for injunction pending appeal filed by Plaintiff yesterday, Saturday, May 2, 2020 (Dkt. 18); and (2) the statement of interest filed by the United States today, Sunday, May 3, 2020 (Dkt. 19).

**BACKGROUND**

As this Court is aware, on March 23, 2020, Governor Northam issued Executive Order 53, which, among other measures, temporarily prohibited gatherings of more than ten people. See Dkt. 1-3. More than a month later, Plaintiff sought to enjoin the Governor's order on the ground that it violates the First Amendment to the United States Constitution and the Virginia Act for Religious Freedom. Dkt. 3. Plaintiff sought an *ex parte* temporary restraining order, asking this Court to bar enforcement of the gathering restriction before the Complaint had been served and without affording the Governor an opportunity to respond. See Dkt. 1 at 22. This Court denied Plaintiff's request for *ex parte* relief and set the matter for full briefing, directing

the Governor to respond to the Plaintiff's motion for a preliminary injunction by Thursday, May, 7, 2020. See Dkt. 10.[1]

On Friday, May 1, 2020, six days before the Governor had been directed to file his brief and any supporting evidence, this Court denied Plaintiff's motion. Dkt. 16. Plaintiff immediately noticed an appeal, Dkt. 17, and the next day (Saturday), asked this Court to grant an injunction pending appeal, raising the same arguments the Court had rejected less than 24 hours earlier. Dkt. 18 at 5 (acknowledging that "this Court has already determined that Lighthouse's motion for preliminary injunction fails the relevant test"). And one day after that—today, Sunday, May 3, 2020—the Federal Government filed a Statement of Interest urging the Court to "grant the Injunction Pending Appeal" because the Commonwealth "has not satisfied its burden" as to Plaintiff's constitutional claims. Dkt. 19 at 19–20.

## DISCUSSION

The Governor has not yet been heard in this matter and respectfully requests that the Court permit him to file a response before resolving—either way—Plaintiff's pending motion for injunction pending appeal (Dkt. 18). The Governor believes his response will aid this Court's (and any reviewing court's) resolution of this important matter for three reasons.

*First*, the Governor intends to present evidence in the form of declarations from public health experts and others explaining why the gathering ban was and is essential to slowing the spread of COVID-19. In its Statement of Interest, the Federal Government faults Governor Northam for not providing evidence to justify the gathering restriction. See Dkt. 19 at 7–8 (noting lack of "proof" in this case "because the Commonwealth has not yet submitted any

---

[1] The Court's Order specifically directed the Governor to respond within ten days of service of the Complaint. Dkt. 10. The Complaint was served on Monday, April 27, 2020, see Dkt. 12, making the Governor's response due Thursday, May 7, 2020.

argument or evidence"). With respect, Governor Northam has not yet had the *opportunity* to offer such evidence and he asks the Court grant him that opportunity, consistent with the way the Office of the Attorney General has defended Governor Northam's Executive Orders in related litigation.[2] Even if this Court is inclined to deny the current motion, Plaintiff has already noticed an appeal of the Court's Order denying a preliminary injunction, Dkt. 17, and has indicated its intent to ask the Court of Appeals for an injunction pending appeal if this Court denies that relief. See Dkt. 18 at 6 (asking this Court to "expeditiously issue its order . . . to permit Lighthouse to pursue alternative relief from the United States Court of Appeals for the Fourth Circuit"). Allowing the Governor to present evidence in this Court will obviate the need to supplement the record on appeal, thereby easing the burden on both this Court and the Court of Appeals.

*Second*, Plaintiff and the Federal Government misconstrue the nature of Virginia's gathering ban in ways that materially impact their arguments that it is neither "generally applicable" nor "religion-neutral." See Dkt. 1 at 9–10, 24; Dkt. 19 at 8, 15–16. Not all executive orders issued to address the threat of COVID-19 are the same and those issued by Governor Northam do not operate in the manner Plaintiff and the Federal Government describe. Contrary to Plaintiff's and the Federal Government's contention, for example, the orders challenged in this case *do not* "exempt[] all non-retail businesses, including professional services, from the mass-gathering limit." Dkt. 19 at 15. The Governor believes this Court and any other court to review this matter would benefit from the explanation offered in the brief he intends to file in this Court.

*Third*, in addition to the reasons the Court identified in its opinion denying Plaintiff's motion for a preliminary injunction (Dkt. 16), there are several significant jurisdictional

---

[2] See, *e.g.*, *League of Women Voters of Virginia v. Virginia State Board of Elections*, Dkt. 64, No. 6:20-cv-00024 (W.D. Va. May 1, 2020) (Commonwealth defendants' submission attaching declarations); *Hall v. Northam*, Order, No. CL 2000632-00 (Culpeper Cir. Ct. Apr. 30, 2020) (referring to "exhibits" and "evidence" submitted by Commonwealth defendants).

deficiencies in this case that have not yet been addressed. Among other defects, the Eleventh Amendment precludes any federal court from granting Plaintiff the relief it seeks. In *Maryville Baptist Church, Inc. v. Beshear*, No. 20-5427, slip op. (6th Cir. May 2, 2020) (per curiam), on which the Federal Government relies in its submission (see Dkt. 19 at 2, 15), the Sixth Circuit observed that the Commonwealth of Kentucky had not raised sovereign immunity as a defense to similar claims and indicated that it regarded omission of that defense as a waiver. See *id.* at 6. Governor Northam intends to raise the defense of sovereign immunity, among other jurisdictional defenses, and would be prejudiced if a reviewing court viewed those defenses as waived when the Governor has not yet had an opportunity to present them. Just as "there is no pandemic exception to the . . . Bill of Rights," Dkt. 19 at 10, there are likewise no exceptions to the Eleventh Amendment or the limitations of Article III. The Governor should be permitted to raise those threshold defenses in this Court to ensure their preservation and provide a more complete record on appeal.

## CONCLUSION

Since being served with the Complaint in this case less than one week ago, counsel for the Governor has worked diligently to prepare a response brief on the expedited schedule set by the Court. Counsel intends to file a combined brief responding to the pending motion and the United States' Statement of Interest on the date previously set by this Court—Thursday, May 7, 2020—and respectfully asks that this Court defer ruling on Plaintiff's pending motion until it receives the Governor's submission.

Respectfully submitted,

**RALPH NORTHAM**

By:   */s/ Toby J. Heytens*
     Toby J. Heytens
     Counsel for Defendant

| | |
|---|---|
| Mark R. Herring<br>  *Attorney General* | Toby J. Heytens (VSB No. 90788)<br>  *Solicitor General* |
| Erin B. Ashwell (VSB No. 79538)<br>  *Chief Deputy Attorney General* | Michelle S. Kallen (VSB No. 93286)<br>Martine E. Cicconi (VSB No. 94542)<br>  *Deputy Solicitors General* |
| Victoria N. Pearson (VSB No. 48648)<br>Samuel T. Towell (VSB No. 71512)<br>  *Deputy Attorneys General* | Jessica Merry Samuels (VSB No. 89537)<br>  *Assistant Solicitor General* |
| Jacqueline C. Hedblom (VSB No. 68234)<br>  *Assistant Attorney General* | Zachary R. Glubiak (VSB No. 93984)<br>  *John Marshall Fellow* |

Office of the Attorney General
202 North Ninth Street
Richmond, Virginia 23219
(804) 786-7240 – Telephone
(804) 371-0200 – Facsimile
solicitorgeneral@oag.state.va.us

5

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2020, a true and accurate copy of this paper was filed electronically with the Court's CM/ECF system, which will then send a notification of such filing to the parties. I will also email a copy of this paper to the following:

Jennifer E. Flurry
Office of the United States Attorney
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
jennifer.flurry@usdoj.gov

*Counsel for the Federal Government*

By:   */s/ Toby J. Heytens*
      Toby J. Heytens