IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| LIGHTHOUSE FELLOWSHIP CHURCH, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:20-cv-00204-AWA-RJK |
| | ) | |
| v. | ) | |
| | ) | |
| RALPH NORTHAM, GOVERNOR, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO STAY RESPONSIVE PLEADING DEADLINE,
OR IN THE ALTERNATIVE FOR EXTENSION OF TIME
<u>TO RESPOND TO COMPLAINT</u>**

Defendant respectfully requests that this Court stay the current responsive pleading deadline or, in the alternative, extend Defendant's deadline to respond to the complaint. Defendant waives a hearing on this motion but will, of course, participate in any hearing the Court deems appropriate. In support of this motion, Defendant states as follows.

**BACKGROUND**

1. On March 23, 2020, Governor Ralph Northam issued Executive Order 53, which, among other measures temporarily prohibited all gatherings of more than ten people to slow the spread of COVID-19. See Dkt. 1-3.

2. On April 24, 2020, Plaintiff Lighthouse Fellowship Church (Lighthouse) sought an *ex parte* temporary restraining order and preliminary injunction barring enforcement of the temporary gatherings restriction. Dkt. 3. The Court denied Lighthouse's request for *ex parte* relief, Dkt. 10, and later issued a detailed Order denying a preliminary injunction, Dkt. 16. In that Order, the Court found Lighthouse was "unlikely to succeed on any of its claims," explaining that the Governor's Orders were issued "for the common good to slow the spread of the novel

coronavirus and to save the lives of countless people." Dkt. 16 at 33.

3. Lighthouse immediately noticed an appeal from the Court's order denying a preliminary injunction, Dkt. 17, and filed a motion in this Court for an injunction pending appeal, Dkt. 18. The Federal Government has also filed a statement of interest in support of Lighthouse's motion for injunction pending appeal. Dkt. 19.

4. On Friday, May 8—after Defendant's opposition to Lighthouse's motion for injunction pending appeal had been filed, Dkt. 36—Governor Northam issued Executive Order 61. As Defendant explained in a Notice filed the next day, see Dkt. 37, Executive Order 61 amends the Orders challenged in this case. Those changes are effective at 12:01 a.m. on Friday, May 15, 2020—less than 30 hours from now. At his regular press conference today, the Governor confirmed that the Phase I modifications outlined in Executive Order 61 will take effect as scheduled on Friday for all localities except those in Northern Virginia.[1]

5. Lighthouse submitted its reply in support of its motion for injunction pending appeal four days after the Governor issued Executive Order 61 and three days after Defendant alerted the parties and the Court to its issuance. At no point in that reply, however, did Lighthouse discuss—or even acknowledge—the significant changes in the circumstances of this case. See Dkt. 39.

6. The motion for injunction pending appeal is now fully briefed before this Court.

7. Lighthouse's appeal of this Court's denial of a preliminary injunction remains pending in the Fourth Circuit. Lighthouse's opening brief is currently due June 15, 2020. See Briefing Order (Dkt. 3), Case No. 20-1515 (4th Cir. May 4, 2020).

---

[1] *Gov. Northam Provides Update on COVID-19 in Virginia*, WVIR (May 13, 2020), https://www.nbc29.com/2020/05/13/watch-gov-northam-holds-briefing-covid-virginia/.

**DISCUSSION**

8.  Given both the pending appeal and the fast-moving developments in the factual circumstances of this case, Defendant respectfully requests that the Court stay the responsive pleading deadline until 21 days after the earlier of: (1) the Fourth Circuit issues an order resolving Lighthouse's current appeal; or (2) Lighthouse amends its complaint or otherwise makes clear what relief it seeks in light of Executive Order 61.

9.  This Court has "considerable discretion in managing its civil docket in the best interests of judicial economy and fairness to the parties, including the discretion to set and enlarge time limitations for responsive pleadings." *In re Parker*, 826 F.2d 1060 (4th Cir. 1987).

10. The complaint was served on Monday, April 27, 2020. Dkt. 12. Under Federal Rule of Civil Procedure 12(a)(1)(A)(i), Defendant's deadline to respond to the complaint is currently Monday, May 18, 2020.

11. As Defendant has previously explained, Executive Order 61 amends the temporary gatherings restriction challenged in this case. Dkt. 37. Less than two days from now—before Defendant's current deadline for responding—members of Lighthouse's congregation will be able to "attend religious services" in groups larger than ten so long as such services are "limited to no more than 50% of the lowest occupancy load on the certificate of occupancy of the room or facility in which the religious services are conducted" and various other social-distancing and hygiene requirements are followed. EO 61 (Dkt. 37-1) at 7–8.

12. Despite being filed three days after Defendant submitted its notice of the issuance of Executive Order 61, Lighthouse's latest filing makes no mention of that Order. See Dkt. 39. At no point has Lighthouse acknowledged the imminent changes to the temporary gatherings restriction or asserted that (much less attempted to demonstrate how) it will continue to be

3

injured by the Governor's Orders after Executive Order 61 takes effect.

13. Until Lighthouse clarifies the status of its claims and the relief it seeks, Defendant is not able to prepare a responsive pleading. For Lighthouse to assert any entitlement to relief as of this Friday, May 15—when Executive Order 61 takes effect—Lighthouse would need to amend its complaint to allege a constitutionally cognizable harm as a result of the modified temporary gatherings restriction and demonstrate a plausible entitlement to relief.

14. In addition, judicial economy would not be well served by continuing to litigate the merits of Lighthouse's original claims in this Court while Lighthouse's appeal from the Court's denial of a preliminary injunction on those very same (and soon-to-be superseded) claims is pending before the Fourth Circuit.

15. In the alternative, Defendant requests a 21-day extension of time under Federal Rule of Civil Procedure 6(b) to respond to the complaint. Given the confusion outlined above, good cause exists for this extension, which would allow Defendant to seek clarification as to the status of Lighthouse's pending claims and requested relief. Good cause also exists because of the press of business in other matters handled by Defendant's counsel, including multiple emergency challenges to the Commonwealth's response to the COVID-19 pandemic.

16. Any such extension would be the first that Defendant has requested in this matter. Undersigned counsel certifies that the request is made in good faith and not for purposes of delay.

## CONCLUSION

Accordingly, Defendant respectfully requests that the Court stay the deadline to respond to the complaint, or in the alternative, extend that deadline by 21 days.

Dated: May 13, 2020 Respectfully submitted,

**RALPH NORTHAM**

By: ___/s/ Toby J. Heytens___
    Toby J. Heytens
    Counsel for Defendant

Mark R. Herring
   *Attorney General*

Erin B. Ashwell (VSB No. 79538)
   *Chief Deputy Attorney General*

Victoria N. Pearson (VSB No. 48648)
Samuel T. Towell (VSB No. 71512)
   *Deputy Attorneys General*

Jacqueline C. Hedblom (VSB No. 68234)
   *Assistant Attorney General*

Toby J. Heytens (VSB No. 90788)
   *Solicitor General*

Michelle S. Kallen (VSB No. 93286)
Martine E. Cicconi (VSB No. 94542)
   *Deputy Solicitors General*

Jessica Merry Samuels (VSB No. 89537)
   *Assistant Solicitor General*

Zachary R. Glubiak (VSB No. 93984)
   *John Marshall Fellow*

Office of the Attorney General
202 North Ninth Street
Richmond, Virginia 23219
(804) 786-7240 – Telephone
(804) 371-0200 – Facsimile
solicitorgeneral@oag.state.va.us

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 13, 2020, a true and accurate copy of this paper was filed electronically with the Court's CM/ECF system, which will then send a notification of such filing to the parties.

                                          By:   */s/ Toby J. Heytens*
                                                        Toby J. Heytens