IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| LIGHTHOUSE FELLOWSHIP CHURCH, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 2:20-cv-00204-AWA-RJK |
| ) | |
| v. ) | |
| ) | |
| RALPH NORTHAM, GOVERNOR, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S NOTICE OF ISSUANCE OF
AMENDED EXECUTIVE ORDER 62 AND
<u>AMENDED ORDER OF PUBLIC HEALTH EMERGENCY FOUR</u>**

Defendant submits this notice to alert the Court to the issuance of a new Executive Order that bears on this case. Late this afternoon, the Governor issued Amended Executive Order 62 and Order of Public Health Emergency Four, *Jurisdictions Temporarily Delayed from Entering Phase One in Executive Order 61 and Permitted to Remain in Phase Zero* (May 14, 2020) (Amended EO 62) (attached as Exhibit 1).

1.   EO 62 was originally issued two days ago—on Tuesday, May 12. In the original order, the Governor, responding to requests from local officials in certain enumerated jurisdictions in Northern Virginia, announced that those jurisdictions would "remain in Phase Zero" until 11:59 p.m., May 28, 2020. Executive Order 62 and Order of Public Health Emergency Four, *Jurisdictions Temporarily Delayed from Entering Phase One in Executive Order and Permitted to Remain in Phase Zero Northern Virginia Region*, pp. 1, 5 (May 8, 2020) (EO 62) (attached as Exhibit 2).

2.   EO 62 largely restates—with certain wording changes—the restrictions originally set forth in Executive Orders 53 and 55. As relevant here, EO 62 restates the temporary

gatherings restriction without the specific carve-out for "religious services" contained in Executive Order 61. See Dkt. 37 & 37-1 (describing EO 61). Like EO 61, however, EO 62 defines the temporary gatherings restriction in terms that differ somewhat from those contained in the earlier orders challenged in Lighthouse's complaint and motion for a preliminary injunction. Compare Dkt. 1-3 ¶ 1 (EO 53) and Dkt. 1-4 ¶ 3 (EO 55), with Amended EO 62 ¶ 8. EO 62 provides:

> All public and private in-person gatherings of more than 10 individuals are prohibited. The presence of more than 10 individuals performing functions of their employment is not a "gathering." A "gathering" includes, but is not limed to, parties, celebrations, or other social events, whether they occur indoors or outdoors. This restriction does not apply to the gathering of family members living in the same residence. "Family members" include blood relations, adopted, step, and foster relations, as well as all individuals residing in the same household. Family members are not required to maintain physical distancing while in their homes.

EO 62 ¶ 8; accord Amended EO 62 ¶ 8 (same).

3.  Earlier today (Thursday, May 14), the Governor received a letter from the Board of Supervisors (Board) of the County of Accomack (County), the political subdivision in which Lighthouse is located. Letter from Board of Supervisors, County of Accomack to Governor Ralph S. Northam (May 14, 2020) (Letter) (attached as Exhibit 3); see also Compl. ¶ 7 (Dkt. 1) (describing Lighthouse as being located at "6329 Maddox Blvd., Chincoteague Island, Virginia," which is within the County of Accomack). In that letter, the Board emphasized that the County's "per capita positive cases are already extremely high when compared to other Virginia localities" and thus "respectfully request[ed]" that the Governor "extend the Phase Zero restrictions currently in place here until 11:59 p.m., Thursday, May 28." Letter at 1.

4.  This afternoon, the Governor issued Amended EO 62. Amended EO 62 notes that two jurisdictions—the City of Richmond and the County of Accomack—had "requested to delay implementation of Phase One." Amended EO 62, p. 2. It observes that "[a]lthough Accomack's

population is .39% of the Commonwealth, its positive cases represent 2.14% of the statewide totals," that "the number of COVID-19 cases in the County of Accomack continues to increase," and that "[l]ocal health officials opine that the County of Accomack's total positive cases could increase by over fifty percent in a matter of days." *Id.* Accordingly, "[a]fter considering . . . the County of Accomack's request[] and the relevant data," the Governor announced that "the County of Accomack, including all towns and political subdivisions contained therein" will remain in Phase Zero through May 28, 2020. *Id.*

5.  The entry of amended EO 62 impacts this litigation in several ways. *First*, as of midnight tonight, the language of the temporary gatherings restriction will be somewhat—though not, in Defendant's view, materially—different from that of the original orders challenged in this case. Compare Dkt. 1-3 ¶ 1 (EO 53) and Dkt. 1-4 ¶ 3 (EO 55), with Amended EO 62 ¶ 8. For example, unlike paragraph 2 of EO 55, Amended EO 62's statement of the temporary gatherings restriction no longer references "religious" gatherings as such. This change directly impacts Lighthouse's argument (see Dkt. 3 at 6–7) that such a reference prevents the temporary gatherings restriction from being neutral and generally applicable. But see Dkt. 36 at 19 (explaining why Lighthouse is wrong on that point).

*Second,* in light of amended EO 62, the upcoming loosening of restrictions described in Defendant's Notice of Issuance of Executive Order 61 and Order of Public Health Emergency Three (Dkt. 37) will not apply to Lighthouse's members until Friday, May 28, 2020—two weeks later than described in that Notice.

6.  As the above demonstrates, the situation in Accomack County remains serious and in flux. For that reason, and because Lighthouse's appeal of this Court's denial of a preliminary injunction is still pending, Defendant respectfully reiterates its request (see Dkt. 42)

that the Court stay the deadline to respond to the complaint, or, in the alternative, extend that deadline by 21 days.

*   *   *

Defendant appreciates the Court's patience with its multiple recent filings in this matter, which have been necessitated by Defendant's efforts to keep the Court apprised of pertinent events in this rapidly unfolding situation.

Respectfully submitted,

**RALPH NORTHAM**

By:   */s/ Toby J. Heytens*
     Toby J. Heytens
     Counsel for Defendant

| | |
|---|---|
| Mark R. Herring<br>  *Attorney General* | Toby J. Heytens (VSB No. 90788)<br>  *Solicitor General* |
| Erin B. Ashwell (VSB No. 79538)<br>  *Chief Deputy Attorney General* | Michelle S. Kallen (VSB No. 93286)<br>Martine E. Cicconi (VSB No. 94542)<br>  *Deputy Solicitors General* |
| Victoria N. Pearson (VSB No. 48648)<br>Samuel T. Towell (VSB No. 71512)<br>  *Deputy Attorneys General* | Jessica Merry Samuels (VSB No. 89537)<br>  *Assistant Solicitor General* |
| Jacqueline C. Hedblom (VSB No. 68234)<br>  *Assistant Attorney General* | Zachary R. Glubiak (VSB No. 93984)<br>  *John Marshall Fellow* |
| | Office of the Attorney General<br>202 North Ninth Street<br>Richmond, Virginia 23219<br>(804) 786-7240 – Telephone<br>(804) 371-0200 – Facsimile<br>solicitorgeneral@oag.state.va.us |

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 14, 2020, a true and accurate copy of this paper was filed electronically with the Court's CM/ECF system, which will then send a notification of such filing to the parties.

                                    By:   */s/ Toby J. Heytens*
                                                Toby J. Heytens