IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
**Norfolk Division**

| | | |
|---|---|---|
| LIGHTHOUSE FELLOWSHIP CHURCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:20-cv-204-AWA-RJK |
| | ) | |
| HON. RALPH NORTHAM, in his | ) | |
| official capacity of Governor of the | ) | |
| Commonwealth of Virginia | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO PROPOSED AMICUS
AMERICANS UNITED FOR SEPARATION OF CHURCH AND STATE**

Pursuant to this Court's order (dkt. 44), Plaintiff, Lighthouse Fellowship Church, by and

through the undersigned counsel, hereby submits its opposition to the Motion for Leave to file

amicus brief (dkt. 30), filed by Proposed Amicus Americans United for Separation of Church and

State's ("Americans United"). For the following reasons, the Motion should be denied and the

brief stricken.

> A.     **Americans United Seeks Not To Provide Disinterested Information To The
> Court, But to Inject Its Repetitive and Unnecessary Arguments Into This
> Matter.**

Americans United claims that its proposed brief should be permitted because it provides

"case law and **argument**" as to why Lighthouse's claims should fail. (Dkt. 30, at 2 (emphasis

added)). But, that is the role of a party, not an amicus. "The term 'amicus curiae' means friend of

the court, not friend of a party." *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062,

1063 (7th Cir. 1997) (explaining reasons for denying amicus motion). *See also United States v.*

*Michigan*, 940 F.2d 143, 165 (6th Cir. 1991) ("The orthodox view of amicus curiae was, **and is**,

that of an *impartial* friend of the court—*not an adversary party in interest in the litigation.*" (bold emphasis added; italics original)). In that traditional role, an amicus is usually welcomed where it "draw[s] the court's attention to law that escaped consideration." *Miller-Wohl Co., Inc. v. Comm'r of Labor & Indus. of State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982); *Alexander v. Hall*, 64 F.R.D. 152, 155-56 (D.S.C. 1974) (same).

Indeed, Americans United seems to misunderstand "what an amicus is, namely, one who, not as parties but, just as a stranger might . . . for the assistance of the court gives information of some matter of law in regard to which the court is doubtful or mistaken." *New England Patriots Football Club, Inc. v. Univ. of Colorado*, 592 F.2d 1196, 1198 n.3 (1st Cir. 1979) (internal citations, quotes and alterations omitted) (lamenting earlier decision to permit amicus brief). Here, Americans United does not offer any unique perspective or present any argument that somehow escaped the parties' consideration. In fact, a mere cursory review of Americans United's proposed brief virtually mirrors the same arguments Governor Northam presented in his briefing on this matter. (*Compare* dkt. 31, Proposed Amicus Brief at 4-11 (arguing that the Gathering Orders at issue in this litigation are neutral and generally applicable), *with* dkt. 36, Governor Northam Response Opposing IPA, at 18-24 (arguing the same exact points)). This is simply unnecessary and duplicative. "The vast majority of amicus curiae briefs are filed by allies of litigants and duplicate the arguments made in the litigants' briefs, in effect merely extending the length of the litigant's brief. **Such amicus briefs should not be allowed. They are an abuse.**" *Ryan*, 125 F.3d at 1063 (emphasis added).

Where, as here, the proposed amicus merely seeks to add redundant arguments to the parties' submissions, its participation should be denied. Courts "**will deny permission to file an amicus brief that essentially duplicates a party's brief**." *Voices for Choices v. Ill. Bell Tele.*

*Co.*, 339 F.3d 542, 544 (7th Cir. 2003) (emphasis added) (denying amicus motions). That is

precisely what Americans United seeks to do here, and it should be rejected by this Court.

**B.      Americans United's Participation In This Matter Is Unnecessary Because The Parties' Interests Are Already Adequately Represented.**

Amicus participation is generally permitted "when … a party is not adequately represented

(usually, is not represented at all)." *Nat'l Org. for Women, Inc. v. Scheidler*, 223 F.3d 615, 617

(7th Cir. 2000). *See also Ryan*, 125 F.3d at 1063 (same). Here, there is no question that both

Lighthouse and the Governor are adequately represented. The only issues Americans United

purports to argue have been fully briefed by the Governor and Lighthouse, and thus all interests in

this litigation are adequately and sufficiently cared for without the need for intermeddling.

Americans United's perspective and participation are unnecessary.

**C.      Americans United Merely Seeks To Inject Interest Group Politics And A Highly Partisan Account Of The Facts, Which Is Improper.**

"[T]he filing of an amicus brief is often an attempt to inject interest group politics into the

federal [litigation] process." *Voices for Choices*, 339 F.3d at 544. And, "[t]he position of classical

amicus in litigation was **not to provide a highly partisan account of the facts** …." *United States*

*v. Michigan*, 940 F.2d at 165 (emphasis added). Here, that is precisely what Americans United

seeks to do. A cursory review of its proposed brief reveals that it seeks to litigate what the scope

of COVID-19 is, what types of services are permitted for Lighthouse, and whether religious

services pose unique health risks that are not present in other non-religious settings. (Dkt. 31,

Proposed Brief at 1-3). That is not the role of an amicus, and certainly not an amicus like

Americans United, who is not a scientific expert (on COVID-19 or otherwise).

## CONCLUSION

For these reasons, Americans United's motion for leave to file an amicus brief should be denied.

Respectfully submitted,

/s/ Daniel J. Schmid
Mathew D. Staver*
Horatio G. Mihet*
Roger K. Gannam*
Daniel J. Schmid (VA 84415)
**Attorneys for Plaintiff**
LIBERTY COUNSEL
P.O. Box 540774
Orlando, FL 32854
(407) 875-1776
court@lc.org
hmihet@lc.org
rgannam@lc.org
dschmid@lc.org

*Admitted pro hac vice

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of May, 2020, I cause a true and correct copy of the foregoing to be electronically filed with this Court. Service will be effectuated via this Court's ECF/electronic notification system.

/s/ Daniel J. Schmid
Mathew D. Staver*
Horatio G. Mihet*
Roger K. Gannam*
Daniel J. Schmid (VA 84415)
**Attorneys for Plaintiff**
LIBERTY COUNSEL
P.O. Box 540774
Orlando, FL 32854
(407) 875-1776
court@lc.org
hmihet@lc.org
rgannam@lc.org
dschmid@lc.org

*Admitted pro hac vice